# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **Danielle Marie Tasner FKA Danielle** | : | Case No.: 18-56156 |
| **Marie Dewey, FKA Danielle Marie** | : | Chapter 13 |
| **Vance** | : | Judge C. Kathryn Preston |
| | : | * * * * * * * * * * * * * * * * * * * * * * |
| Debtor(s). | : | |
| | : | |

## MOTION OF WELLS FARGO BANK, NA FOR *IN REM* RELIEF FROM STAY AND CO-DEBTOR STAY ON FIRST MORTGAGE FOR REAL PROPERTY LOCATED AT 8287 MARWITHE PLACE, NEW ALBANY, OH 43054

Wells Fargo Bank, NA (the "Creditor") in this proceeding under Chapter 13 of the Bankruptcy Code, and pursuant to 11 U.S.C. Section 362(d) of the Bankruptcy Code, Rules 4001, 9013 and 9014 of the Bankruptcy Rules and Local Bankruptcy Rules 4001-1 respectfully moves this Court for relief from the automatic stay imposed by 11 U.S.C. Section 362(a) and the Co-Debtor stay imposed by 11 U.S.C. § 1301 in order to proceed with a state court proceeding to foreclose on the property located at 8287 Marwithe Place, New Albany, OH 43054. The grounds upon which this Motion is made are more fully set forth in the attached Memorandum in Support.

## MEMORANDUM IN SUPPORT

1.  The Court has jurisdiction over this matter under 28 U.S.C. § 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.  On September 28, 2011, Danielle M. Tasner (the "Debtor") obtained a loan from Developer's Mortgage Company in the amount of $294,525.00. Such loan was evidenced

by a Promissory Note dated September 28, 2011 (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor and Jessie K. Tasner (the "Co-Debtor") executed an Open-End Mortgage dated September 28, 2011 (the "Mortgage"). The Mortgage granted a lien on the property owned by Debtor, located at 8287 Marwithe Place, New Albany, OH 43054 (the "Property") and more fully described in the Mortgage. Danielle M. Tasner acquired title to the Property by virtue of a deed from Schottenstein Homes LLC, an Ohio limited liability company, dated September 28, 2011, filed October 6, 2011, recorded at Official Instrument Number 201110060127478, Recorder's Office, Franklin County, OH. A copy of said Deed is attached as Exhibit B.

4. The lien created by the Mortgage was duly perfected by the filing of the Mortgage in the office of the Franklin County Recorder on October 6, 2011. A copy of the Mortgage is attached as Exhibit C. The lien is the first lien on the Property.

5. The Note was transferred as follows:

   a. from <u>Developer's Mortgage Company</u> to <u>Wells Fargo Bank, N.A.</u>. The transfer is evidenced by the allonge attached to this Motion as Exhibit A.

   b. from <u>Wells Fargo Bank, N.A.</u> to <u>_____</u>. The transfer is evidenced by the indorsement attached to this Motion as Exhibit A. **Because the endorsement is in blank and Creditor is in possession of the original Note, Creditor is entitled to enforce the instrument**.

6. The Mortgage was transferred as follows:

   a. from <u>Mortgage Electronic Registration Systems, Inc., as nominee for Developer's Mortgage Company, its successors and assigns</u> to <u>Wells Fargo Bank, NA</u>, dated October 10, 2013. The transfer is evidenced by the document attached to this Motion as Exhibit D.

7. Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

8. **A court has already determined that Creditor has the ability to enforce the Note with a judgment dated March 30, 2016 in the Court of Common Pleas, Franklin County, Ohio. A copy of the judgment is attached at Exhibit E.**

9. The value of the Property is $367,100.00. This valuation is based on the Franklin County Auditor's tax record which is attached as Exhibit F.

10. As of October 19, 2018, there is currently due and owing on the Note the principal balance of $285,673.47, plus interest accruing thereon at the rate of 4.25% per annum from July 1, 2013.

11. Other parties known to have an interest in the Property are as follows:

    a. the Franklin County Treasurer, in an unknown amount;

    b. Jesse K. Tasner;

    c. City of Columbus is believed to be the holder of a judgment lien on the Property with an approximate payoff of $6,190.71 per Debtor's Schedule D;

    d. MSW Capital LLC is believed to be the holder of a judgment lien on the Property with an approximate payoff of $1,597.00 per Debtor's Schedule D;

    e. The Wellington School is believed to be the holder of a judgment lien on the Property with an approximate payoff of $12,986.00 per Debtor's Schedule D.

    Attached as Exhibit G is Debtor's Schedule D.

12. The Creditor is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) and/or 362(d)(2) and/or § 1301 for these reason(s):

    a.    Debtor and Co-Debtor have no equity in the Property and the Property is not needed by the Debtor for its reorganization. Creditor believes that the Property has a value of $367,100.00. Including the Creditor's lien, and Debtor's claimed exemption of $136,925.00, there are liens in an aggregate amount of $454,223.59 on the Property.

    b.    Debtor and Co-Debtor have failed to provide adequate protection for the lien held by the Creditor for the reasons set forth below.

    c.    According to the non-confirmed Chapter 13 Plan, Debtor and Co-Debtor are to pay Trustee. The first payment to the Trustee is due on October 28, 2018 and no payment has been made as of today's date.

    d.    Due to the above delinquency, Trustee is post-petition delinquent to the Creditor in the amount of $2,052.16 through October of 2018.

    e.    Debtor and Co-Debtor has failed to make periodic payments to Creditor since the commencement of this bankruptcy case and is postpetition due for October 1, 2018 and due for the pre-petition months of August 1, 2013 through September 1, 2018, which unpaid payments and late charges are in the aggregate amount of $160,221.04 through September 2018. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

13.    **Debtor has engaged in a scheme to delay, hinder and defraud creditors that involves multiple bankruptcy filings. The current filing represents the fourth overall bankruptcy filing and the fourth bankruptcy filing affecting the Collateral. These serial filings have caused the cancellation of four foreclosure sales. The sequence of events is as follows:**

    a.    **The first foreclosure sale was set for October 21, 2016. The sale was withdrawn due to the filing of the Chapter 13 Case No. 16-56681 by Debtor on October 17, 2016. The bankruptcy was dismissed by the Chapter 13 Trustee on January 23, 2017 because the Debtor's plan was not in posture for confirmation. A copy of the bankruptcy docket is attached as Exhibit H.**

    b.    **The second foreclosure sale was set for March 31, 2017. The sale was**

    withdrawn due to the filing of the Chapter 13 Case No. 17-51810 by Debtor on March 27, 2017. The bankruptcy was dismissed by the Chapter 13 Trustee on July 10, 2017 because Debtor did not commit all disposable income into her Plan. A copy of the bankruptcy docket is attached as Exhibit I.

  c. The third foreclosure sale was set for February 23, 2018. The sale was withdrawn due to the filing of the Chapter 13 Case No. 18-50659 by Debtor on February 8, 2018. The bankruptcy was dismissed by the Chapter 13 Trustee on July 20, 2018 because the Plan was not in posture for confirmation. A copy of the bankruptcy docket is attached as Exhibit J.

  d. The fourth foreclosure sale was set for October 5, 2018. The sale was withdrawn due to the filing of the Chapter 13 Case No. 18-56156 by Debtor on September 28, 2018, currently before this Court.

 A review of each of the foregoing cases reveals Debtor's struggle to sustain a chapter 13 plan. In most of these filings, Debtor took minimal steps toward prosecuting their cases, which were ultimately dismissed for failure to bring a plan in posture for confirmation. Following dismissal of these cases, Debtor continued to file cases, each of which were dismissed.

 All of the filings were filed days before the sheriff's sale. This series of filings demonstrates an abuse of the protection afforded by the provisions of the Bankruptcy Code. The failure to sustain a chapter 13 plan together with the timing of the filings with respect to the foreclosure sale dates evidence the Debtor's scheme to delay, hinder, and defraud creditors under 11 U.S.C. § 362(d)(4).

**Debtor has not shown any changed circumstances that might lead the Court to believe this case will be any more successful that the three prior failed Chapter 13 cases. Based upon the foregoing, it is apparent Debtor is not trying to gain a fresh start, but is utilizing the bankruptcy process to hinder Creditor's efforts to sell the Collateral and to avoid fulfilling her obligation to Creditor under the Note and Security Agreement.**

14. Creditor has completed the worksheet attached as Exhibit K.

WHEREFORE, Creditor prays for an Order from the Court granting Creditor relief from the automatic stay of 11 U.S.C. § 362 and the Co-Debtor stay of 11 U.S.C. § 1301 of the Bankruptcy Code and in rem relief from the automatic stay under § 362(d)(4) to permit Creditor to proceed under law and for such other and further relief to which the Creditor may be entitled.

Creditor requests that further compliance with Federal Rule of Bankruptcy Procedure 3002.1 be waived as to Creditor in the within bankruptcy case upon entry of an Order granting relief from the automatic stay of Section 362.

Respectfully submitted,

　/s/ Adam B. Hall　
Adam B. Hall (0088234)
Edward H. Cahill (0088985)
John R. Cummins (0036811)
Stephen R. Franks (0075345)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Adam B. Hall.
Contact email is abh@manleydeas.com

# NOTICE OF MOTION

Wells Fargo Bank, NA has filed papers with the court to obtain relief from stay.

**Your rights may be affected**.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the motion, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to:

> Clerk of the United States Bankruptcy Court
> 170 North High Street
> Columbus, OH  43215

OR your attorney must file a response using the court's ECF system.

The court must **receive** your response on or before the above date.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:

- Manley Deas Kochalski LLC, Attention: Adam B. Hall, P.O. Box 165028 Columbus, OH  43216-5028

- Office of U.S. Trustee, Southern District of Ohio, Party of Interest, 170 North High Street, #200, Columbus, OH  43215

- Frank M. Pees, 130 East Wilson Bridge Road, Suite 200, Worthington, OH  43085
  trustee@ch13.org

- Eden Renee Sarver, Attorney for Danielle Marie Tasner FKA Danielle Marie Dewey, FKA Danielle Marie Vance, Eden R. Sarver, Attorney at Law, 2770 E. Main Street, Suite 24, Columbus, OH  43209
  ecf@edensarverlaw.com

- Jesse Tasner, 5527 Sweetwater Valley Circle, New Albany, OH 43054

- Franklin County Treasurer, 373 South High Street, 17th Floor, Columbus, OH  43215

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief without further hearing or notice.

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *In Rem* Motion for Relief from Stay and Co-Debtor Stay on First Mortgage for Real Property Located at 8287 Marwithe Place, New Albany, OH 43054 was served **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court:

   Office of U.S. Trustee, Southern District of Ohio, Party of Interest, 170 North High Street, #200, Columbus, OH  43215

   Frank M. Pees, 130 East Wilson Bridge Road, Suite 200, Worthington, OH  43085, trustee@ch13.org

   Eden Renee Sarver, Attorney for Danielle Marie Tasner FKA Danielle Marie Dewey, FKA Danielle Marie Vance, Eden R. Sarver, Attorney at Law, 2770 E. Main Street, Suite 24, Columbus, OH  43209, ecf@edensarverlaw.com

and by ordinary U.S. mail on November  12 , 2018 addressed to:

   Danielle Marie Tasner FKA Danielle Marie Dewey, FKA Danielle Marie Vance and Jesse K. Tasner, 8287 Marwithe Place, New Albany, OH  43054

   Jesse Tasner, 5527 Sweetwater Valley Circle, New Albany, OH 43054

   Franklin County Treasurer, 373 South High Street, 17th Floor, Columbus, OH  43215

   City of Columbus, Division of Income Tax, 77 N. Front St, Columbus, OH  43215-1895

   MSW Capital LLC, 26 Cannon Court, Basking Ridge, NJ  07920

   The Wellington School, 3650 Reed Rd., Columbus, OH  43230


                                                        /s/ Adam B. Hall
                                                       Adam B. Hall